NOAH W. PARCELL

*v.*

HENRIETTA DEMOREST et al.

A bill for partition of lands, filed by a recent grantee of a part thereof,
without notice that another bill for the same purpose, filed seventeen years
before, was still pending, will not be dismissed where such prior bill, by reason
·of conveyances to other parties, will not justify the making of a decree, and
it appears that under the new bill the interests of all parties can be speedily
adjusted, the costs under the first bill will be settled, and the cause will pro-
·ceed under the second bill.

On motion to dismiss bill.

*Messrs. J. R. & N. English,* for the complainant.

*Mr. John Whitehead,* for the defendants.

GREEN, V. C.

This is an application by the solicitor of David W. Demorest
and others to dismiss the bill filed in this case, on the ground
that a similar bill was filed in this court, previous to the filing of
the bill attacked.　That the object of both of said bills was to
procure a partition and sale of the same land and premises.　That

Parcell v. Demorest.

the same persons are parties, either as complainants or defendants,. in both of said suits, except that Noah W. Parcell claims title to· the one-eleventh undivided part of said land and premises, and that that title was derived from two of the complainants in the first bill filed. That the object of both the suits begun are· identical, the petition also asks for such other relief in the premises as to the court shall seem meet.

It appears that the first suit was commenced July 17th, 1874, and that, by a change of parties in interest, amendments· have been, from time to time, made, until the 28th of February, 1890, a supplemental bill was filed, to which answers have been interposed.

The bill attacked was filed April 29th, 1891, complainants claiming as a grantee of Caroline E. Richards and C. B. Richards, her husband, by deed dated February 21st, 1891, conveying an undivided one-eleventh interest.

It appears that no notice of the pendency of the first suit was· filed, and Mr. Parcell, by his affidavit, filed on the hearing of the motion, says that neither his grantor, nor any other person,. informed him that a suit was pending for partition or sale of the said lands, and denies that he had any knowledge that such was· the case. He brought this suit in good faith, for the purpose of compelling a partition, and because no one else, as he believed,. had begun any suit for that purpose.

He says, further, that he is credibly informed and believes,. that the lands described in the bill for partition, which he has· filed, are not the same lands described in the bill filed July 17th, 1874, but are only a portion thereof. That the lands described in his bill are all the lands that are owned in common by the complainant and defendant, while the lands sought to be partitioned in the first suit include lands which the parties to that suit do not now own.

On the papers before me, I am led to the conclusion that the· suit first commenced, and in which the supplemental bill was filed in 1890, as it now stands, will not justify a decree being made, as it involves property which has, since the suit was instituted, been conveyed to other parties. That the bill now attacked

is in such a position, that in it a settlement of the interests of all the parties can be effectually disposed of without delay.

The complainant was a purchaser without notice of the pendency of the other suit. He has a right to have his interest set off if possible, and, if such course is not practicable, then to have the property sold. This is the same result which the other parties desire.

This court, of course, will not permit two suits to be prosecuted at the same time, for the same purpose, by the same parties. But I do not think that it should exercise its authority to stay the hand of one of the complainants, prosecuting a suit which could speedily effect a sought-for end, in order to permit proceedings in the other suit to be amended, and put in shape for an effective decree. The motion, therefore, in my opinion should be denied.

I am, however, convinced that an arrangement should be made, by which the costs incurred in the original suit could be satisfactorily adjusted and settled, and the proceedings to a partition or sale be carried on under the second suit.